# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

TYSHION DAVIS,

                Defendant.

Case No. 21-CR-85-JPS

**ORDER**

---

Defendant Tyshion Davis is charged in a single-count indictment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Docket #1). On May 28, 2021, Defendant moved to suppress the firearm. (Docket #8). On July 28, 2021, Magistrate Judge Nancy Joseph issued a Report and Recommendation ("R&R") denying the motion to suppress. (Docket #16). Neither Defendant nor the Government objected to Magistrate Judge Joseph's R&R. The Court will adopt the R&R in full.

When reviewing a magistrate's recommendation, this Court is obliged to analyze *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times," and the parties' lack of objection "does not preclude further review by the district judge, sua sponte[,]. . .under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.*; *see also* Fed. R. Crim. P. 59(b).

The Court adopts the facts stated in the R&R, which detail a traffic stop of Defendant's car. (Docket #16 at 1–6). To summarize, at around 11:00 p.m., Milwaukee Police Officer Robert Gregory observed a red sedan parked on 47th Street, facing northbound, next to a white sedan that was parked facing southbound. Officer Gregory saw hands reach out from the cars, and he thought he saw the drivers exchanging something, but he could not see what. After the transaction, the cars drove away in opposite directions. Officer Gregory told his co-workers, via radio call, about the incident, and said he suspected it a hand-to-hand drug transaction due to the brevity of the stop, the nature of the transaction, and the neighborhood in which it occurred.

Milwaukee Police Officer Zachary Ramion heard Officer Gregory's radio call and drove towards Officer Gregory's general area. At around 11:05 p.m., a few blocks away from where Officer Gregory saw the transaction, Officer Ramion noticed a red car turn from Stark Street onto Sherman Boulevard without stopping at a stop sign. Officer Ramion pulled over the red car; several of his co-workers joined him in the stop. Though Officer Ramion did not notice anything out-of-sorts about the red car, Milwaukee Police Officer Tierney said he saw the driver "raise something to his mouth." *Id.* at 4. Additionally, Milwaukee Police Officer Jose Rivera noticed "a plastic sandwich bag with the corner torn off" sitting in the car's center console. *Id.* at 5. These two observations led to a search of the car, which revealed a firearm in the center console.

"The Fourth Amendment permits brief investigative stops—such as the traffic stop in this case—when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, 572 U.S. 393, 396–97

(2014) (citations and quotation omitted). Officers must consider "both the content of [the] information" and "its degree of reliability" given the "totality of the circumstances." *Id.* (citation and quotation omitted). The standard is less demanding than that required for probable cause, though a "mere hunch" will not suffice. *Id.* (citation and quotation omitted). Additionally, a pretextual traffic stop is lawful if the police have probable cause to believe that the underlying traffic violation occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996).

Magistrate Judge Joseph appropriately determined that the traffic stop was constitutional because (1) Officer Gregory observed the driver of a red sedan participate in a hand-to-hand exchange of something with another driver; (2) the area of Officer Gregory's patrol was "high crime"[1]; and (3) the officers observed the car run a stop sign, an observation that is corroborated by the body-worn camera footage. Indeed, the third observation, alone, would have sustained the legality of the traffic stop. *Whren*, 517 U.S. at 810.

As for the search of the vehicle, the Court finds that Magistrate Judge Joseph's analysis is equally appropriate. The Fourth Amendment's automobile exception permits warrantless searches of a car when there is probable cause to believe the car contains evidence of a crime. *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009). Probable cause requires "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Magistrate Judge

---

[1] The Supreme Court has cautioned that an "individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (citation omitted). Nonetheless, the nature of the environment may be "among the relevant contextual considerations" in a reasonable-suspicion analysis. *Id.*

Joseph determined that there was probable cause to search the car where (1) Officer Gregory observed the driver of a red sedan participate in a late-night hand-to-hand transaction; (2) shortly thereafter and close-by, Officer Tierney observed the driver of a red sedan put something in his mouth when he was pulled over; (3) Officer Rivera noticed a baggie[2] in the red car with a corner cut off; and (4) the officers patrolled a high-crime area and had communicated all developments to one another.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #16) be and the same is hereby **ADOPTED in full**; and

**IT IS FURTHER ORDERED** that Defendant Tyshion Davis's motion to suppress (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2021.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] It is not clear whether Rivera observed one baggie with a cut corner, (Docket #16 at 7, 11), or several of such baggies, *id.* at 4–5; however, this inconsistency is not material.